[No. 19770. Department One. June 30, 1926.]

J. C. STERLING *et al., co-partners doing business as Sterling & Adamson, Appellants, v. E. L. GARDNER et al., Respondents.*[1]

[1] SALES (53)—RESCISSION BY BUYER—MISREPRESENTATION AND FRAUD. The rescission of a contract for the purchase of a rooming house is warranted by false representations that the property was not handled by an agent, where the purchaser especially advised the vendor that he would not buy any property handled by an agent; and also by the fact that the heating system was out of order, where the deal was conditional upon an inspection and approval of the heating system, and prompt notice was given upon inspection that it was out of repair and the deal was at an end.

Appeal from a judgment of the superior court for King county, Huneke, J., entered October 20, 1925, upon findings in favor of the defendants, in an action upon an earnest money contract, tried to the court. Affirmed.

*Chester & Pixley,* for appellants.

*Edward Chavelle,* for respondents.

ASKREN, J.—This is an action to recover on a $500 check given by respondents to appellants. The evidence showed, and the court found, that appellants were engaged in the real estate business and, on the

[1]Reported in 247 Pac. 462.

date of the giving of the check, they were negotiating with respondents to induce them to buy the Stanley Hotel in Seattle; that they represented that the price of the hotel was not definitely fixed, but it could be secured at a price to make it a profitable investment, and that the management of the building and collection of the rents was not in the hands of any agent, but the owner thereof collected the rents; that respondents had refused to buy any premises that were in the hands of an agent; that appellant induced respondents to sign an earnest money receipt and deposit thereon the check for $500, with the understanding that there was no money in the account to meet the check, and, before the contract became binding or the check was used, the premises in question would be satisfactory to respondents.

Thereafter respondents investigated the premises and found the auxiliary heating system out of repair; that the premises were handled through an agent, and the representations made by appellants, that the owner of the lease was willing to sell because he was an Alaskan and desired to return to Alaska, were untrue. Immediately upon learning these facts and before there had been any transfer of the property in question, or of the lease thereon, or possession taken, respondents refused to proceed with the deal. The court thereupon dismissed the action.

Appellants' appeal presents many assignments of error, all of which, in effect, present the single question: Were the misrepresentations made by appellants sufficient to entitle respondents, as a matter of law, to refuse to proceed with the purchase?

[1] It is urged that the representations that the owner of the property collected the rents, when in fact the rents were collected through an agent, was not a

misrepresentation of such a material and substantial fact as to entitle respondents to rely upon it. The fact is clear and undisputed that respondents advised appellants they would not consider the purchase of any property handled through an agent, because they had previous difficulty getting repairs made when they had to deal through an agent, and they would only deal directly with the owner.

Parties desiring to enter into a contract for the purchase of property have a right to determine with whom they will deal. Ordinarily, one does not lay great stress upon the question of whether the premises are handled through an agent or through the owner; but when we have a positive declaration given to appellants that respondents would not deal with an agent, and the reasons given therefor, it should be given full force and effect. Parties have a right to make their own contracts in matters of this character, and, if we can see clearly from the evidence that it has been so made, courts will not declare that immaterial which is regarded as material by the contracting parties. There is no denial of the misrepresentation that the owner of the lease was an Alaskan, and was desirous of selling in order to go there. Whether this is such a material misrepresentation as to entitle respondents to refuse to proceed, we need not here determine. It gives clear and convincing proof, however, of the misrepresentation that was sought to be practiced upon respondents, and which induced them to sign the earnest money receipt and check.

It is also urged that the fact that the auxiliary water heater was out of repair was not of material consequence. But the evidence discloses that, at the time the check was given, respondents expressly stated that they desired to examine the furnace before proceeding.

Having examined and found the heating system out of repair, they refused to proceed. This was made a condition precedent to any obligation upon their part to be bound by the check issued, and was sufficient to justify respondents in refusing to be bound.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.